## 56734. LIE-NIELSEN v. TUXEDO PLUMBING & HEATING COMPANY, INC. et al.

SMITH, Judge.

Because the trial court based that part of the judgment upon an erroneous contractual interpretation, we reverse the court's grant of appellees' motion for summary judgment. However, we affirm the court's denial of appellant's motion for summary judgment.

On September 14, 1976, appellant contracted with appellees for the latter to install water lines inside an apartment complex owned by appellant. Pertinent provisions of the contract into which the parties entered were: "4.3. Owner shall be responsible for procuring and maintaining fire insurance with extended coverage upon the structures and improvements of the property in such amount(s) as determined solely by Owner. 4.4. Contractor [appellees] shall indemnify and hold and save Owner, Johnstown Properties and the Property free of and harmless from any and all actions or causes of action, claims, demands, liabilities, losses, damages or expenses of any kind and nature, including counsel or attorneys' fees, whether incurred under this Contract or otherwise, which Owner, Johnstown Properties or the Property shall

or may at any time sustain or be liable in consequence of any injury or damage to person or property which may arise directly or indirectly from the performance of this Contract by the Contractor, whether such performance be by Contractor or by subcontractor[s], materialmen or suppliers or anyone directly or indirectly employed by either."

On December 2, 1976, a fire substantially damaged the complex, and appellant brought this suit alleging appellees' negligent use of torches in installing the plumbing had caused the fire. The trial court, finding that paragraph 4.3 placed upon appellant the risk of fire loss, granted appellees' motion for summary judgment.

Under paragraph 4.4 of the contract, appellees, expressly and without qualification, agreed to hold appellant harmless from *all losses* arising out of performance of the contractual obligations. We conclude that that unambiguous provision controls the issue of appellees' liability for such losses and that the parties' intent in including paragraph 4.3 was not to affect appellees' legal responsibility for damages they caused. That conclusion is mandated, in part, by Code § 20-504, which provides: ". . . A covenant, promise, agreement or understanding in, or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of a building structure, appurtenances and appliances including moving, demolition and excavating connected therewith, purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee, is against public policy and is void. . ." We must seek to construe the contract so as to uphold it in totality. Code § 20-704 (4); *Simpson v. Brown,* 162 Ga. 529 (1) (134 SE 161) (1926). Appellees' construction of paragraph 4.3, that it was to shift to appellant the risk of any fire loss, even if the fire resulted solely from appellees' negligence, would render the paragraph void as violative of public policy. Code § 20-504, supra. "It is not to be presumed that people intend to violate the law, and the language of their undertakings

must, if possible, be so construed as to make the obligation one which the law would recognize as valid." *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599 (16) (44 SE 320) (1903).

2. The trial court correctly denied appellant's motion for summary judgment, as the issue of causation remained in dispute.

*Judgment affirmed in part and reversed in part. Deen, C. J., and Banke, J., concur.*

ARGUED OCTOBER 4, 1979 — DECIDED MARCH 13, 1979 — REHEARING DENIED MARCH 29, 1979 —

*Hopkins & Gresham, Harry W. Bassler,* for appellant.

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, Dan B. Wingate,* for appellees.