## 35042. TUXEDO PLUMBING & HEATING COMPANY, INC. et al. v. LIE-NIELSEN.

NICHOLS, Chief Justice.

Certiorari was granted to review the decision of the Court of Appeals in *Lie-Nielsen v. Tuxedo Plumbing &c. Co.,* 149 Ga. App. 502 (254 SE2d 729) (1979), as to the meaning and enforceability of clauses in a contract between the owner of apartments and the contractor he employed to do the plumbing work that resulted in the fire loss to the apartments.

1. Their contract provided in relevant part that "Owner shall be responsible for procuring and maintaining fire insurance with extended coverage upon the structures and improvements of the Property in such amount(s) as determined solely by Owner." The owner contends that this provision imposed an obligation upon the owner to procure and maintain at its expense fire

insurance in behalf of the *owner* alone. The contractor contends that the well-recognized meaning of such a "waiver of subrogation clause" is that the owner and contractor waived their claims against each other regarding fire loss resulting from the work and agreed to look solely to the insurance to be procured and maintained in behalf of the owner and contractor by the owner at the owner's expense. This court agrees with the contractor that the owner's insurance company, having paid the owner for his fire losses, is not entitled to sue the contractor for recovery of the sums paid, and reverses the Court of Appeals. Further, this court holds that such an agreement is not violative of the public policy of this state as set forth in Code Ann. § 20-504.

Lie-Nielsen's argument that the contract clause imposed upon Lie-Neilsen no obligation further than to obtain insurance in behalf of Lie-Nielsen is wholly lacking in merit because the reasonable, objective meaning of the above-quoted contract clause is that Lie-Nielsen has agreed to provide Tuxedo as well as Lie-Neilsen with fire insurance coverage. "If such insurance had been intended to cover merely the liability of . . . [Lie-Nielsen], there would have been no sense in inserting a provision with regard thereto in the contract." American Fidelity &c. Co. v. Simmons, 253 F2d 634, 637 (4th Cir. 1958).

The rule applicable to such a contract has been stated as follows: "It has been recognized by numerous authorities that where parties to a business transaction mutually agree that insurance will be provided as a part of the bargain, such agreement must be construed as providing mutual exculpation to the bargaining parties who must be deemed to have agreed to look solely to the insurance in the event of loss and not to liability on the part of the opposing party." General Cigar Co. v. Lancaster Leaf Tobacco Co., 323 FSupp. 931, 941 [14] (D. Md. 1971); Brodsky v. Princemont Constr. Co., 354 A2d 440, 445 (Md. 1976). To the same effect: Independent School District v. Loberg Plumbing &c. Co., 123 NW2d 793 (Minn. 1963); Midwest Lumber Co. v. Dwight E. Nelson Constr. Co., 196 NW2d 377 (Neb. 1972). The rule has been stated another way: "This contract clearly

requires the owner to carry fire insurance naming the contractor as one of the insured, thereby bringing the contractor within the provisions of law that an insurer cannot maintain a subrogation suit against its own insured." Smith v. Ryan, 142 S2d 139, 141 (D. C. Apl. Fla. 1962). The law regarding the rights of the parties to such an agreement and the rights of the insurance company is collected in Mayfair Fabrics v. Henley, 234 A2d 503 (N.J. 1967).

In these circumstances, Lie-Nielsen cannot recover from Tuxedo for liability he had agreed to cover with insurance, and the insurance company, suing in the name of Lie-Nielsen under the terms of a loan receipt, cannot have rights superior to Lie-Nielsen.

2. Code Ann. § 20-504 is inapplicable in the present case since neither the insurance clause nor the contract's "hold harmless clause" requires of either Lie-Nielsen or Tuxedo that the one indemnify the other and hold him harmless from his own sole negligence. Rather, the insurance clause shifts the risk of loss to the insurance company regardless of which party is at fault. See Weems v. Nanticoke Homes, 378 A2d 190, 194 (Md. 1977).

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 10, 1979 — DECIDED JANUARY 8, 1980.

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, Ben S. Williams,* for appellants.
*Hopkins & Gresham, Harry W. Bassler,* for appellee.