## 64106. PETTUS v. APC, INC.

BIRDSONG, Judge.
Summary Judgment—Insurance Claim. Pettus, as landlord, rented a commercial building to APC, Inc. As a part of the lease executed between the two, Pettus agreed to obtain insurance coverage on the building but the premiums were paid by APC to Pettus as a part of the rental agreement. Additionally, APC agreed to furnish insurance coverage on its own furnishings and equipment in the building at its own expense. In other words, though Pettus' interests in the building were protected, the premium costs of all insurance risk on the building and its contents were included as a part of the lease and was agreed to be the expense of the lessee, APC. During the life of the lease, a fire occurred, apparently originating in APC's equipment, which destroyed the building. Pettus had obtained coverage on the building from Merchants & Business Men's Mutual Insurance Co. After the fire, Pettus recovered the full cost of the building (amounting to $69,154.97) from his insurer and replaced the building. APC still occupies the new building under the same lease arrangements. The insurance company was subrogated to Pettus' rights and brought suit against APC in the name of its insured, Pettus. The trial court granted APC's motion for grant of summary judgment against Pettus (the insurer). It is the grant of that

motion that forms the basis of this appeal. *Held:*

This case is controlled by the decision of the Supreme Court in *Tuxedo Plumbing &c. Co. v. Lie-Nielsen,* 245 Ga. 27 (262 SE2d 794). The Supreme Court adopted in that case at p. 28 as the applicable rule in cases where insurance coverage is made a part of the lease agreement, the following: " 'It has been recognized by numerous authorities that where parties to a business transaction mutually agree that insurance will be provided as a part of the bargain, such agreement must be construed as providing mutual exculpation to the bargaining parties who must be deemed to have agreed to look solely to the insurance in the event of loss and not to liability on the part of the opposing party.' [Cits.]" This agreement clearly required the lessee APC to pay for insurance in protection of the lessor, Pettus, in case of loss to the building and required APC, in effect, to hold Pettus free from claim for loss to APC's property stored or used in the building by requiring APC to insure its own furnishings and property within the building, again at APC's cost. Such a mutual agreement shifted the risk of loss to the insurance company regardless of which party might be at fault. Under this lease agreement, therefore, Pettus could not recover from APC for losses for which Pettus was covered by mutual agreement by insurance. It follows that the insurance company suing in the name of Pettus under a loan receipt, likewise could not sue APC, for the insurer as subrogee does not have rights superior to its insured. *Tuxedo Plumbing,* supra, p. 29. The insurer's arguments that there are questions of fact remaining as to APC's negligence are unavailing. There was no dispute as to the terms of the lease. Accordingly, the trial court did not err in granting summary judgment to APC. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 2, 1982.

*Kirby G. Bailey,* for appellant.
*William L. Rogers, Jr., Weymon H. Forrester, Clarence R. Horne, Jr.,* for appellee.