76975. WHIPPER v. McLENDON MOVERS, INC.

(372 SE2d 820)

BANKE, Presiding Judge.

The appellant leased a self-storage compartment from the appellee for the storage of certain personal belongings. The compartment was identified in the lease by number and size, without reference to the type or value of the items intended to be stored therein. During the term of the lease, the water pipes servicing the automatic sprinkler system in the warehouse where the storage compartment was located burst due to cold weather, resulting in damage to the appellant's property. The appellant brought the present action to recover for that damage; and the appellee moved for summary judgment based, in part, on the following typewritten provisions contained in the lease agreement: "All personal property brought onto the premises by lessee . . . shall be at the risk of lessee, and lessor shall not be liable for any loss or damages for any reason whatsoever to said property. It shall be the responsibility of lessee to adequately insure any property brought onto the premises, and lessor shall have no duty whatsoever to carry any insurance on property brought onto the premises by lessee." The trial court granted the appellee's motion for summary judgment, and this appeal followed. *Held*:

1. " 'It has been recognized by numerous authorities that where parties to a business transaction mutually agree that insurance will be provided as a part of the bargain, such agreement must be construed as providing mutual exculpation to the bargaining parties who must be deemed to have agreed to look solely to the insurance in the event of loss and not to liability on the part of the opposing party.' (Cits.)" *Tuxedo Plumbing &c. Co. v. Lie-Nielsen*, 245 Ga. 27, 28 (262 SE2d 794) (1982). Accord *Pettus v. APC, Inc.*, 162 Ga. App. 804 (293 SE2d 65) (1982). In reliance upon these authorities, we hold that the trial court was correct in granting the appellee's motion for summary judgment.

2. Since this was not a contract for "the use or rental of real property as a dwelling place," the insurance provision cannot be considered violative of OCGA § 44-7-2 (b) (2), which voids any attempt in a residential lease to insulate the landlord from his statutory liability "for damages arising from defective construction or for damages arising from the failure to keep the premises in repair." OCGA § 44-7-14. Compare *Schuster v. Plaza Pac. Equities*, 588 FSupp. 61, 64-5 (N.D. Ga. 1984).

3. We reject the appellant's contention that her contractual undertaking to maintain insurance coverage can be disregarded due to her relative lack of bargaining strength viz-a-viz the appellee. The appellant has not alleged that she was induced to accept the provision by misrepresentation, mistake, duress, or undue influence; nor can the provision be considered one of adhesion, no reason having been asserted why the appellant would not have been free to attempt either to negotiate a modification of the insurance requirement (in return, presumably, for an increased rental fee) or to make other arrangements for the storage of her property. Accord *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363, 369-370 (203 SE2d 587) (1973). Compare *Watson v. Waffle House*, 253 Ga. 671 (2) (324 SE2d 175) (1985) (applying strict standard of reasonableness to non-competition covenant contained in employment contract); *Smith v. Hosp. Auth. of Walker &c. Counties*, 160 Ga. App. 387, 389 (287 SE2d 99) (1981) (holding unenforceable a release given to a hospital by a blood donor prior to donating blood).

We similarly reject the appellant's contention that the contractual provision in question can be disregarded as violative of a general public policy favoring consumers over merchants in business transactions. While it is true that the General Assembly has demonstrated a concern for consumer protection through such statutory enactments as the Retail Installment and Home Sales Solicitation Act (OCGA § 10-1-1 et seq.), the Motor Vehicle Sales Finance Act (OCGA § 10-1-30 et seq.), and the Industrial Loan Act (OCGA § 7-3-1 et seq.), the existence of such legislation does not authorize us to impose, by judicial fiat, analogous regulatory restrictions on the self-storage industry.

Generally speaking, "[o]ne may 'not void a contract on grounds of duress merely because he entered into it with reluctance, the contract is very disadvantageous to him, the bargaining power of the parties was unequal or there was some unfairness in the negotiations preceding the agreement.' 17 CJS 944, § 168." *Tidwell v. Critz*, 248 Ga. 201, 204 (282 SE2d 104) (1981). In the absence of any statutory prohibition against the inclusion of a contractual provision such as the one in question in a self-storage lease, we cannot refuse to enforce it on public policy grounds. Compare *Ellerman v. Atlanta American &c. Corp.*, 126 Ga. App. 194 (2) (191 SE2d 295) (1972) (holding that an

innkeeper is precluded by former Code Ann. § 52-111 [currently OCGA §§ 43-21-11; 43-21-12] from attempting to limit by contract liability for loss or damage to bailed property resulting from his own negligence).

4. Having determined that the appellee was entitled to summary judgment on the basis of the insurance provision, we do not reach the issue of whether the purported disclaimer of liability for loss or damage occurring "for any reason whatsoever" to personal property stored on the premises was violative of OCGA § 13-8-2 (b), which provides, in pertinent part, that "[a] covenant, promise, agreement, or understanding in or in connection with or collateral to a contract or agreement relative to the . . . maintenance of a building, . . . purporting to indemnify or hold harmless the promisee against liability for . . . damages to property caused by or resulting from the sole negligence of the promisee . . . is against public policy and is void and unenforceable. . . ." See generally *Country Club Apts. v. Scott*, 246 Ga. 443 (271 SE2d 841) (1980); *Burson v. Copeland*, 160 Ga. App. 481 (2) (287 SE2d 386) (1981).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

J. Phillip Bond, Paul E. Kauffmann, Phyllis J. Holmen, John L. Cromartie, Jr., for appellant.

John R. Francisco, Charles L. Ruffin, for appellee.