A93A0068. VASCHE v. HABERSHAM MARINA.
(433 SE2d 671)

ANDREWS, Judge.

Vasche sued Habersham Marina alleging the marina, located on Lake Lanier, negligently failed to prevent the theft of his boat, and fraudulently represented to him that the marina had security to prevent such theft when no such security existed. He appeals from the order of the trial court granting summary judgment in favor of the marina.[1]

---

[1] The fraud claim was added in an amended complaint filed subsequent to the marina's motion for summary judgment, but five months prior to the hearing and order issued on the motion. Although the motion did not address the subsequent fraud claim, it appears the pending fraud claim was considered sua sponte by the trial court in granting total summary judgment in favor of the marina. See *Famble v. State Farm Ins. Co.*, 204 Ga. App. 332, 336 (419 SE2d 143) (1992). Vasche does not claim he was denied a full and fair opportunity in

In May 1988, Vasche entered into a written agreement with the marina to rent dry storage space for his boat. The agreement also provided the terms under which the marina agreed to remove the boat from the storage space and launch and retrieve it from the marina's dock facilities at the lake. The one-year rental agreement, which automatically renewed for successive one-year terms, was in effect in July 1990 when Vasche's boat was allegedly stolen while docked overnight at the marina. The agreement provided that when a boat owner wished to have his boat retrieved from the lake and placed in storage, arrived at the dock after the marina launching and retrieval facilities were closed at 5:00 p.m., he should tie the boat to the dock, and write his name on a list indicating the boat was to be retrieved when the marina opened the following morning. Arriving after 5:00 p.m., Vasche followed this procedure, but his boat was stolen from the dock sometime before the marina re-opened the next morning. There was no evidence as to how the boat was taken from the marina.

1. The marina moved for summary judgment based on portions of the rental agreement providing that Vasche obtain insurance on the boat covering loss by theft, and providing that the marina would not be liable for such loss. The agreement provided: "The relation of the parties shall be that of landlord and tenant and the Lessor [marina] shall in no way be liable or responsible to Lessee [Vasche] for damage to or loss of the Boat and/or any tackle, gear, equipment or other property, including but not limited to any damages sustained from or at the dock located at the Marina, whether caused by fire, theft, storm, act of God, or any other cause whatsoever. Lessor is not an insurer of Lessee's property, and *Lessee should secure such insurance as he desires*." (Emphasis in original.) The rental agreement also required compliance with the rules and regulations of the marina, which further provided: "INSURANCE — Your boat should be fully covered by your insurance. The marina is insured for damages because of our negligence of [sic] fault while launching and retrieving your boat. The marina's coverage does not include theft of personal property." The agreement further provided that "Lessee . . . hereby releases and agrees to indemnify and hold harmless Lessor from any and all costs, expenses or liability for or loss or damage to the [boat] or the contents thereof due to fire, theft, collision, windstorm, accident or like causes."

The agreement clearly provided that if the boat was lost or damaged as the result of theft, it was the intent of the parties to look solely to insurance purchased by Vasche to cover the loss. " 'It has been recognized by numerous authorities that where parties to a busi-

the trial court to respond to the issues considered on summary judgment.

ness transaction mutually agree that insurance will be provided as a part of the bargain, such agreement must be construed as providing mutual exculpation to the bargaining parties who must be deemed to have agreed to look solely to the insurance in the event of loss and not to liability on the part of the opposing party.'" *Tuxedo Plumbing &c. Co. v. Lie-Nielsen*, 245 Ga. 27, 28 (262 SE2d 794) (1980). The additional provision in the agreement for insurance provided by the marina to cover damage caused by its negligence in launching and retrieving the boat clearly did not apply to theft of the boat from the dock, and creates no ambiguity. Compare *Alimenta Processing Corp. v. South Ga. Pecan Co.*, 185 Ga. App. 330 (364 SE2d 84) (1987). Accordingly, Vasche cannot recover against the marina on a negligence claim for liability he had agreed to cover with insurance. *Tuxedo Plumbing*, supra at 29. The marina was entitled to summary judgment.[2]

2. Citing *Dilbeck v. Yates*, 204 Ga. App. 370 (419 SE2d 154) (1992), Vasche argues summary judgment was inappropriate because he was fraudulently induced to keep his boat at the marina by oral misrepresentations that the marina had dock security. In *Dilbeck*, we found that "fraud in the inducement may be a viable defense to the enforceability of a leasehold contract which contains a provision absolving the lessor from liability to the lessee" where the lessee alleged he was "induced by oral misrepresentations to enter into the written contract in the first place." Id. at 371. Vasche does not claim he was fraudulently induced to enter into the contract by some artifice which prevented him from knowing the contents of the agreement, including the insurance provisions. Rather, he claims that shortly before the theft of his boat in July 1990, two years after he entered into the contract, he was orally assured by the marina manager that the marina had dock security, and that he kept his boat at the marina dock in reliance on this assurance, which was an oral modification of the existing contract. Since evidence showed the marina did not have dock security when the boat was stolen, Vasche claims this was fraud precluding enforcement of the written agreement.

"'The terms of a written contract may be modified or changed by a subsequent parol agreement between the parties, where such agreement is founded on a sufficient consideration.'" *McIntyre v. Varner*, 156 Ga. App. 529, 532 (275 SE2d 90) (1980); *American Century Mtg.*

---

[2] Since the marina was entitled to summary judgment on the basis of the insurance clause, we need not address the contention that the agreement contained an unenforceable exculpatory clause violative of OCGA § 13-8-2 (b) by which the marina purported to disclaim liability for loss or damage for any cause. *Whipper v. McLendon Movers*, 188 Ga. App. 249, 251 (372 SE2d 820) (1988). Neither do we reach appellant's additional contentions regarding negligence.

*Investors v. Bankamerica Realty Investors*, 246 Ga. 39, 41 (268 SE2d 609) (1980). We find no sufficient consideration to support such an agreement for oral modification, and even if the contract had been modified by an oral agreement to provide dock security, this would not have altered the existing provisions of the contract showing the intent of the parties to look solely to insurance purchased by Vasche to cover loss by theft.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 28, 1993.

*England, Weaver & Kytle, James W. Kytle*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, David F. Root*, for appellee.