A93A0869. CENTRAL WAREHOUSE & DEVELOPMENT CORPORATION v. NOSTALGIA, INC.

(435 SE2d 230)

SMITH, Judge.

Nostalgia, Inc. leased warehouse space owned by Central Warehouse & Development Corporation. After a fire that started in the adjoining space spread to Nostalgia's warehouse and destroyed its inventory, Nostalgia brought suit against Central and the adjoining tenant, alleging negligence on the part of both defendants. Both Central and Nostalgia moved for partial summary judgment, and the trial court denied Central's motion and granted that of Nostalgia. Central appeals from both rulings. The adjoining tenant is not involved in this appeal.

The record reveals that Nostalgia is in the business of buying, refurbishing, and selling architectural antiques. In 1985, Nostalgia entered into a one-year written lease for warehouse space owned by Central. Each year thereafter, a new written lease was executed prior to the expiration of the old lease. On July 21, 1989, a written lease was executed by Nostalgia and Central for the one-year term beginning September 1, 1989 and ending August 31, 1990. On November 22, 1990, the lease premises were destroyed by fire. At the time of the fire, Nostalgia had in effect a policy of insurance providing coverage for loss or damage of its personalty located at the leased premises. Its claim was paid to the $120,000 limit of the policy.

A clause in the lease entitled "FIRE" provided that the parties agreed, inter alia, that "LANDLORD shall not be liable for any damage to fixtures or merchandise of Tenant caused by fire or other insurable hazards regardless of the cause thereof. Tenant shall not be liable for any damages to leased premises or any part thereof, caused by fire or other insurable hazards, regardless of the cause thereof. Landlord and Tenant hereby expressly release each other from all liability for such damage. Both Landlord and Tenant hereby agree that all insurance policies issued to either or both of them shall include a clause waiving right of subrogation against the other."

Another lease provision, captioned "RENEWAL," provided that "Tenant agrees to give the Landlord not less than three months' notice in writing of intention to give up premises at the end of this lease prior to the expiration thereof, or prior to the end of any renewals. Landlord is to give like notice for a termination on his part. If Tenant is not then in default, he shall have the option to renew this lease for one (1) year beginning September 1, 1990, and ending August 31, 1991 at a rental rate of $650.00 per month. All other terms and conditions to remain the same." No such notices were given at any time prior to August 31, 1990, nor was a new lease executed. It is undisputed, however, that Nostalgia remained in possession of the premises

and paid rent.

Both parties moved for summary judgment on the issue of whether the lease provision releasing the parties from liability for losses to the property of the other regardless of cause, was enforceable against Central, preventing recovery by Nostalgia. The trial court assumed, but did not decide, for purposes of deciding the motion for partial summary judgment, that the parties were still bound by the lease terms even though the lease had expired. It then found the lease provision at issue unenforceable.

1. The trial court granted summary judgment to Nostalgia after determining the release provision in the lease was unenforceable as against public policy. Central contends this was error. We disagree.

In general, parties may agree to a contract waiving liability for the consequences of ordinary negligence, if the intention to do so is expressed clearly and such a result is not prohibited by statute. *Batson-Cook Co. v. Ga. Marble Setting Co.*, 112 Ga. App. 226 (144 SE2d 547) (1965). However, as to certain contracts, OCGA § 13-8-2 (b) prohibits any provision "purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee." This Code section is applicable to lease contracts. *Borg-Warner Ins. Fin. Corp. v. Executive Park Ventures*, 198 Ga. App. 70, 71 (400 SE2d 340) (1990).

Central maintains that the provision at issue does not violate the statute because it is clear that the parties did not intend to indemnify or hold harmless any party from liability for its sole negligence, which would be prohibited by OCGA § 13-8-2 (b). Rather, Central argues that reading the provision in context, it is obvious that here, as in *Tuxedo Plumbing &c. Co. v. Lie-Nielsen*, 245 Ga. 27 (262 SE2d 794) (1980) and *McAbee Constr. Co. v. Ga. Kraft Co.*, 178 Ga. App. 496 (343 SE2d 513) (1986), the parties' intention was to shift the risk of any loss to an insurance carrier. In support of this argument, it points to the "FIRE" clause, which speaks of release only from liability for "insurable hazards" and requires any insurance policies to contain a provision waiving subrogation rights.

This argument is not persuasive. The lease contract does not include a requirement that either party purchase insurance, and such a provision is essential to the construction urged by Central. We agree with the trial court that the absence of such a provision distinguishes this lease from those construed in *Tuxedo Plumbing* and *McAbee Constr. Co.*, supra, and that this distinction is fatal to Central's contention. Unlike the leases in *Tuxedo Plumbing* and *McAbee Constr. Co.*, in which mandatory insurance provisions made the parties' intention manifest, this lease simply does not clearly evince the parties'

intention to shift the risk of loss to the insurance company regardless of which party was at fault.

Because we likewise agree with the trial court that the phrase "regardless of the cause thereof," used in the lease here, is sufficiently broad to include within its contemplation indemnification for the sole negligence of the promisee, we also agree with the trial court's conclusion that the absence of a mandatory insurance provision renders the release provision void as against public policy, and consequently unenforceable. See *Borg-Warner*, supra.

This conclusion makes it unnecessary to address Central's remaining arguments regarding the grant of partial summary judgment to Nostalgia. The trial court correctly granted Nostalgia's motion.

2. Because summary judgment was properly granted to Nostalgia, it follows that the trial court properly denied Central's motion for summary judgment on the same issue.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 13, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 ▆▆▆▆▆▆

*Newton, Smith, Durden, Kaufold & Rice, Wilson R. Smith*, for appellant.

*Adams, Gardner & Ellis, George L. Lewis, Duffy & Feemster, Dwight T. Feemster*, for appellee.