HULL *et al.* v. LEWIS, receiver, *et al.*

. No. 10677. June 13, 1935.

*Pierce Brothers,* for plaintiff in error.
*Clement E. Sutton* and *F. H. Ficklen Jr.,* contra.

Bell, Justice. In April, 1927, the National Bank of Wilkes held a judgment against the Georgia Copper Company for about $17,500, and F. H. Ficklen held a judgment against the same company for about $3500. The company was in the hands of a receiver. On April 7, 1927, H. H. Bell made a contract with the bank and Ficklen, by the terms of which he paid to them $1000 in cash, transferred valuable stocks, and promised to pay $5000 in the future. Upon the payment of this sum the bank and Ficklen were to transfer to Bell all bonds, judgments, notes, and other securities or collaterals held by them, or either of them, against the copper company. To secure performance on his part Bell indorsed to the bank notes which he held as payee against several other persons, including a note against J. M. Hull as maker. Bell failed to pay the full sum of $5000 according to contract; and after default by him the bank filed suit upon each of these notes against the maker, and H. H. Bell as indorser. After filing these suits the bank failed, and J. C. Lewis was made receiver. In the meantime, Bell had transferred to Paschal Metal Mines Inc. the contract which he had made with the bank and Ficklen. The suits on the notes were brought in the superior court of Richmond county. Before the rendition of judgment in any suit, Bell and his transferee, Paschal Metal Mines Inc., filed in the same court a suit against Lewis as receiver of the bank, and against F. H. Ficklen, alleging a breach of the contract of April 7, 1927, by the bank and Ficklen, and praying for a rescission thereof, together with a recovery of sums paid; also for injunction and for a consolidation of the actions at law upon the notes. Thereafter, by consent, the court ordered that the cases at law be consolidated as prayed, and that the equitable petition filed by H. H. Bell and his transferee be considered as an answer "in all the aforementioned cases, . . with the right of the plaintiff in said cases to move to dismiss said

answer." Lewis, as receiver of the bank, did move to dismiss the answer, and the motion was sustained. Judgment was then rendered in favor of Lewis, as receiver, upon each note, against the maker and against H. H. Bell as the indorser. Hull, Bell, and Paschal Metal Mines Inc. excepted.

The petition of Bell and his transferee, which by order of the court became an answer, alleged that the bank and Ficklen breached the contract of April 7, 1927, by proceeding to have the property of the copper company sold under the receivership proceedings against that company in violation of the terms of the contract. Whether or not the answer alleged specific facts to show the breach, as claimed, will of course depend upon the terms of the agreement. The contract contained the following provisions: that the receivership proceedings as then pending against the copper company were "to be held in statu quo pending a settlement of this matter, and that no orders are to be taken therein except by agreement of the second party," H. H. Bell; that in the event it is desired that a sale be held under such proceedings, the receiver therein "is to hold said sale at request of the second party, without charge except actual expenses incurred in and about the premises in conducting and advertising said sale;" "that upon a default being made in any of the payments as scheduled in this contract, that if such default shall continue for thirty days, that the said first parties shall be entitled, without notice to said second party, to declare said contract in default, and said payments as made shall be credited on the fi. fas., notes, bonds, or other matters as said first parties may elect, and said fi. fas., judgments, bonds, notes, or other demands or claims shall proceed to enforcement in any legal way that said first parties may desire, or that they may have had the right originally to enforce;" "that the receivership proceedings as are pending in Lincoln superior court shall, upon such default continuing for thirty days, without notice to the second party or any other party under this contract, be brought to a determination by a sale of the property or other legal or equitable method to which the first parties may be entitled, under the same rights as now exist in said first parties under the petition and orders of file;" and "it is further provided by the parties hereto, except that in case of default in the payments as heretofore agreed on, that said first parties shall not enforce their said demands as against

the Georgia Copper Company, unless at the instance and request and for the benefit of the second party." It was not contended or alleged in the answer that Bell was not in default with reference to the payments as to which he had become obligated, or that such default had not continued for thirty days before the bank and Ficklen proceeded to sell the property of the copper company; but the gravamen of the defense was that under the terms of the agreement no such sale could be made without the consent of Bell and his transferee, regardless of any default on his part. It was further contended that the sale without such consent amounted to a breach of the contract by the bank and Ficklen, in consequence of which the bank lost its right to sue upon the notes pledged by Bell as collateral, and that the contract between Bell and these parties was rescinded. It is insisted that the provisions of the contract were inconsistent, and that in these circumstances the stipulation first appearing, namely, that no orders were to be taken in the receivership proceedings except by agreement of the second party, takes precedence and prevails over stipulations subsequently appearing in the contract, in determining its proper construction and effect.

The court did not err in striking the answer, and in rendering judgment for the plaintiff. In the construction of a contract the important thing is to ascertain the intention of the parties, and to this end the whole contract must be considered. Code of 1933, §§ 20-702, 20-704 (par. 4). Under this rule the proper construction of the contract here under consideration is that the property of the copper company would not be brought to sale except with the consent of Bell, provided he himself did not commit a default; but that in case of such default and its continuation for a period of thirty days, the opposite parties could proceed to sell the property without notice, under the same rights and to the same extent as if the contract had never been executed. The answer failed to set forth a valid defense, and was properly stricken.

*Judgment affirmed. All the Justices concur.*