31180. LANIER *v.* TURNER *et al.*

DECIDED APRIL 25, 1946.

W. G. Neville, D. A. Bragg, for plaintiff.

Price & Spivey, Milton A. Carlton, for defendants.

GARDNER, J. The only question before us is, whether or not the petition as amended set forth a cause of action. The petition in effect alleged that the defendants, at night, parked a truck without lights on the highway. Also, that there were no flares or warnings of any kind to put users of the highway on notice as to the parked truck which had on it a two-horse wagon with tongue attached thereto and protruding beyond the length of the truck. The petition further alleged that, while the plaintiff was exercising all due diligence in the operation of her car, she ran into the protruding wagon tongue and truck, practically demolishing her car and inflicting upon her extensive bodily injuries. It was further alleged that, as she approached the truck and discovered its presence, she could not safely undertake to turn to the left and avoid it because of another automobile, which was at the time approaching from the opposite direction toward the truck.

It is the established law of our State that questions of diligence and negligence, involving comparative negligence and what negligence constitutes the proximate cause of an alleged injury, are peculiarly for the determination of the jury, and this court will not solve such questions on demurrer except in palpably clear, plain, and undisputable cases. *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (154 S. E. 718). This court said in *Sumner* v. *Thomas,* 72 *Ga. App.* 351, 369 (33 S. E. 2d, 825) : "The fundamental law of

this State underlying all acts of negligence of this sort is set forth in the Code, § 105-603, as follows: 'If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover.' This court said in *Georgia Power Company* v. *Maxwell*, 52 *Ga. App.* 430 (3) (183 S. E. 654): 'The rule of law that in order for the plaintiff to recover he must have exercised ordinary care to avoid the consequences to himself of the defendant's negligence is not limited to negligence which may have been actually discovered, but it extends to negligence which might have been discovered by exercise of ordinary care by the plaintiff.' " We think that this statement in the *Sumner* case is the law governing such cases as the instant one. The defendants in error cite this principle of law and contend that —since the plaintiff alleged in her petition that she was in the exercise of due care in the operation of her automobile while her automobile was equipped with lights required by the law, and sufficient brakes—construing her petition most strongly against her, she could, if in the exercise of ordinary care, have avoided the negligence of the defendants; and that on this theory she is not entitled to recover. The facts as they appear in the *Sumner* case and the allegations of fact in the instant case have practically no similarity. It will be observed in the instant case that the parked truck was equipped with no lights, no flares or warnings of any kind; and it further appears from the allegations of this petition that a motor vehicle was approaching going in the opposite direction from that of the plaintiff. It is true that there is no allegation that the plaintiff was blinded by the lights of the approaching motor vehicle; but it is common knowledge that people who drive on the highway at night can not at all times direct their vision straight ahead to the full extent of the rays of the headlights. Attention must also be given to the size of the lane in which the driver is approaching the car. It is our opinion that the allegations of this petition present a question of fact for a jury sufficient to withstand a general demurrer. We think that it is a jury question, under all the facts and circumstances of this case, and under proper instructions of the court, as to whether the plaintiff by the use of ordinary care could have avoided the consequences to herself caused by the defendants' negligence. This principle is set forth in the Code, § 105-603. But there is also another principle set forth in this

section, and that is, "in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." This last principle is the doctrine of comparative negligence, wherein the jury would have the right to apportion the damages in the event they should determine under all the facts that the defendants were more negligent than the plaintiff, and to refuse a verdict for the plaintiff in the event they should find that the negligence of the plaintiff was equal to or greater than that of the defendants. See, in this connection, *Crawford* v. *Western & Atlantic Railroad,* 51 *Ga. App.* 150 (179 S. E. 852); *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802). The allegations of fact in this petition do not show such lack of due care on the part of the plaintiff, which lack is so palpably clear, plain, and undisputed that it should be solved by the court on demurrer.

The defendants, in addition to the *Sumner* case, rely for an affirmance of the judgment on the following cases: *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924); *Athens Ry. &c. Co.* v. *McKinney,* 16 *Ga. App.* 741 (86 S. E. 83); *Moore* v. *Seaboard Air Line Ry. Co.,* 30 *Ga. App.* 467 (8) (118 S. E. 471); *Davis* v. *Whitcomb,* 30 *Ga. App.* 497 (118 S. E. 488); *Haddon* v. *Savannah Elec. &c. Co.,* 36 *Ga. App.* 183 (136 S. E. 285); *Georgia Power Co.* v. *Maxwell,* 52 *Ga. App.* 430 (3) (183 S. E. 654); *Taylor* v. *Morgan,* 54 *Ga. App.* 426 (2, 3) (188 S. E. 44); *Whatley* v. *Henry,* 65 *Ga. App.* 668 (16 S. E. 2d, 214). Those decisions, under their peculiar facts, are not in conflict with what we have decided in the instant case under its peculiar facts.

We think that the court erred in sustaining the general demurrer.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*