## 65876. WEST SIDE LOAN OFFICE v. ELECTRO-PROTECTIVE CORPORATION.

SOGNIER, Judge.

Appellant, West Side Loan Office (West Side), brought suit against appellee, Electro-Protective Corporation (EPC), alleging that burglary alarm equipment installed and maintained by EPC failed to prevent a burglary at appellant's premises. West Side alleged breach of contract, negligence, and fraud. The trial court granted EPC's motion for summary judgment and West Side appeals.

The trial court based its decision granting EPC's summary judgment motion on the presence of an exculpatory clause in the contract between EPC and appellant, which provides: "[EPC] is not assuming responsibility for any losses which may occur even if due to [EPC's] negligent performance or failure to perform any obligation under this Agreement." Parties are free to contract and may act to limit their rights and duties so long as public policy is not violated. *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 368 (203 SE2d 587) (1973). "[T]he general rule in Georgia is that a party may exempt himself by contract from liability to the other party for injuries caused by negligence, and the agreement is not void for contravening public policy. [Cit.]" *Porubiansky v. Emory Univ.,* 156 Ga. App. 602, 603 (275 SE2d 163) (1980). The exculpatory clause here is not contrary to public policy and bars appellant's breach of contract and negligence claims.

Appellant contends that OCGA § 13-8-2 (b) (Code Ann. § 20-504) is applicable here and voids the clause as against public policy. This statute does not apply because the contract was not a contract for real property and there were no "damages arising out of bodily injury to persons or damage to property" as required by the statute.

Appellant also contends that the trial court erred by granting summary judgment as its allegations of fraud were not pierced. Appellant offered as evidence one affidavit by an employee of appellant stating that the burglary alarm equipment received was not the equipment contracted for by it. Mere conclusions are not sufficient to withstand specific facts. "A party opposing a motion for summary judgment, where the moving party has presented evidence of the necessary certitude, must, in his opposing affidavits, set forth specific facts showing a genuine issue to be decided by a jury." *Scroggins v. Whitfield Finance Co.,* 152 Ga. App. 8, 9 (1) (262 SE2d 168) (1979). See also *R. L. Kimsey Cotton Co. v. Ferguson,* 233 Ga. 962, 966-967 (4) (214 SE2d 360) (1975). The conclusory allegation of

fraud presented by appellant is insufficient without more specific data and must yield to the explicit language of the contract and the deposition of EPC's branch manager as to the equipment installed.

Since the trial court's ruling on the motion for summary judgment was correct, it is not necessary that we consider the validity of the liquidated damages provision of the contract.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 7, 1983 —
REHEARING DENIED JULY 20, 1983 — 

*Joseph H. King, Jr.,* for appellant.
*Howell Hollis III, Sally Dillard Hauptfuhrer,* for appellee.