## 68347. BICKNELL v. RICHARD M. HEARN ROOFING & REMODELING, INC.

DEEN, Presiding Judge.

On March 16, 1978, the appellant, Larry Bicknell, contracted with the appellee, Richard M. Hearn Roofing and Remodeling, Inc. (Hearn), for the latter to re-roof a building in which Bicknell operated a dress shop. Hearn finished the roofing job on Bicknell's building on April 6 or April 7, 1978.

The contract provided that should Hearn give Bicknell "a written guarantee, the liability of the contractor shall be limited to the terms and provisions of such guarantee and confined to the work actually done hereunder, and nothing contained herein or to be contained in any such guarantee shall impose upon the contractor any liability for . . . damage to interior fixtures, decorations, stock or equipment, due to leakage." Hearn extended a written 10-year guarantee on the roof regarding defects in material or workmanship, although there was some dispute over whether the guarantee was given at the time of contracting or upon the completion of the job.

In defining Hearn's liability, the guarantee provided that "if such material is found to be defective under the terms of this guarantee, or in the event a claim should be made under this guarantee as to workmanship, and/or in either event defects are found which cause leaks, the undersigned shall at its option, either make necessary repairs or corrections without charge, or allow a credit on the cost of replacing such defects at the then prevailing prices of the undersigned, at the rate of ten percent of the total cost of the same for each entire unexpired year of the period of this guarantee." The guarantee provided further that Hearn would not be liable for "damage to the building upon which such work has been done; nor to interior fixtures, decoration, stock or equipment, due to leakage . . . ."

On or about February 12, 1981, Bicknell discovered a serious leak in the rear portion of the roof; the cumulative water leakage damaged the interior tile ceiling and carpet. Bicknell contacted Hearn about the problem, and despite at least three attempts by the latter to repair the roof, the leak was never eliminated. Hearn claimed that at the time of the attempted repairs, it appeared that Bicknell had removed some of the roofing flashing and that the roof had sustained some hail damage (which would not have been covered under the guarantee). Following the instructions of the company's insurer's claims adjuster, after late 1981 or early 1982 Hearn had no further

contact with Bicknell. Bicknell eventually vacated the premises in August 1982.

On April 7, 1982, Bicknell commenced this action, seeking damages for negligent installation and repair of the roof and breach of contract (warranty). Bicknell moved for partial summary judgment on the issue of liability on both theories of negligence and breach of contract, and Hearn moved for partial summary judgment on the basis that not only was Bicknell's sole remedy that provided by the warranty but that the asserted negligence claim was barred by the statute of limitations. The trial judge granted Bicknell's motion as to liability on the breach of contract theory and denied Hearn's motion. Another trial judge, however, heard Hearn's subsequent motion for reconsideration, and then granted partial summary judgment for Hearn.

On October 28, 1983, the trial court entered a pre-trial order which, over Bicknell's objections, limited the issue for trial to the actual amount of damages Bicknell could recover for the cost of repair or replacement of the roof. The bench trial on that matter occurred on January 11, 1984, following which the trial court awarded Bicknell $2,000 for Hearn's breach of the warranty. On appeal, Bicknell contends that the trial court erred in limiting his remedy to that of the warranty. *Held*:

1. The gravamen of Bicknell's appeal is that he should have been allowed to pursue a recovery for Hearn's alleged negligence in installing and repairing the roof to Bicknell's business premises, because the exculpatory provisions in the warranty violated public policy and were thus void and unenforceable. OCGA § 13-8-2 (b) provides that "[a] covenant, promise, agreement, or understanding in or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair, or maintenance of a building . . . purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee, is against public policy and is void and unenforceable . . . ."

We agree with Bicknell that the warranty provisions in question violated public policy under this statute and thus were void. See *Country Club Apts. v. Scott*, 246 Ga. 443 (271 SE2d 841) (1980); *Porubiansky v. Emory Univ.*, 156 Ga. App. 602 (275 SE2d 163) (1980). But compare *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363 (203 SE2d 587) (1973). The warranty obviously was connected with or collateral to a contract relative to an alteration or repair of a building, and it essentially purported to insulate Hearn (as the promisee) from any liability whatsoever except for repair or replacement of the roof. Accordingly, these warranty and contract provisions did not foreclose an action seeking damages for Hearn's al-

leged negligence in installing the roof.

Nevertheless, the applicable statute of limitations did bar such an action. OCGA § 9-3-30 provides that "[a]ll actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues." A property owner's cause of action for damage to a building resulting from negligent construction accrues at the time of the completion of the construction, not at the time of the discovery of the injury. *U-Haul Co. of Western Ga. v. Abreu & Robeson*, 247 Ga. 565 (277 SE2d 497) (1981); *Millard Matthews Builders v. Plant Improvement Co.*, 167 Ga. App. 855 (307 SE2d 739) (1983). It was undisputed that Hearn finished the roofing job by April 7, 1978, and that Bicknell filed his complaint on April 7, 1982. Because the applicable limitations period was measured by years, under the rulings of the Supreme Court and this court, Bicknell's complaint, insofar as it stated a claim against Hearn for negligent installation of the roof, was filed too late. See *Reese v. Henderson*, 156 Ga. App. 809 (275 SE2d 664) (1980); *Allstate Ins. Co. v. Stephens*, 239 Ga. 717 (238 SE2d 382) (1977).

The trial court thus properly limited Bicknell's remedy to that of the warranty. We must reject Bicknell's argument that Hearn's triple attempt in 1981 to repair the leak may serve as the basis for a negligence action; those repair attempts too obviously relate to Hearn's feasance or nonfeasance under the warranty and no new independent injury was alleged to have resulted from those unsuccessful repair attempts. Cf. *Orkin Exterminating Co. v. Stevens*, supra.

2. Bicknell also contends that the trial court erred, in its pre-trial order, in rejecting his claim for attorney fees due to Hearn's stubborn litigiousness. However, the mere refusal to pay without suit is not sufficient to award attorney fees on the basis of stubborn litigiousness. *Gen. Refractories Co. v. Rogers*, 240 Ga. 228 (239 SE2d 795) (1977). Moreover, the existence of a genuine dispute or bona fide controversy precludes such an award of attorney fees. *Ideal Pool Corp. v. Champion*, 157 Ga. App. 380 (277 SE2d 753) (1981); *Nestlé Co. v. J. H. Ewing & Sons*, 153 Ga. App. 328 (265 SE2d 61) (1980).

In this case, there was some evidence that the problem with the leaking roof may have in part resulted from hail damage and the removal of the roofing flashing by Bicknell. Also, the repair estimate presented by Bicknell provided for replacement of the entire roof, use of more expensive and higher quality materials than Bicknell had Hearn install, and for a cost of $2,495; Hearn claimed that even using the different materials, his company would have charged several hundred dollars less for such a project. We find this quantum of evidence sufficiently demonstrative of a bona fide controversy, so as to preclude any recovery for attorney fees based on stubborn litigiousness.

*Judgment affirmed. McMurray, C. J., concurs. Sognier, J., con-*

*curs in the judgment only.*

DECIDED MAY 8, 1984 — REHEARING DENIED MAY 31, 1984 —

*James D. Patrick, Jr.*, for appellant.
*William B. Hardegree, Jerry A. Buchanan*, for appellee.