71043. McABEE CONSTRUCTION COMPANY v. GEORGIA KRAFT COMPANY et al.
(343 SE2d 513)

BEASLEY, Judge.

This suit involves the validity of an indemnification provision in a general construction contract for injuries and death suffered by an employee of a subcontractor due to the alleged negligence of the property owner's employee. One of the parties to the contract contends the provision is void and the other (as well as its employee) insists that it is enforceable.

Plaintiff Presley filed a wrongful death action against appellee Georgia Kraft Company, its employee appellee Pickard, and Wausau Insurance Company after her husband was killed by electrocution

while working on property owned by Kraft, alleging negligence by Kraft and by its employee Pickard. At the time of the incident, decedent was employed by White Electrical Construction Company, the subcontractor for appellant McAbee Construction Company, the general contractor for the Kraft project. Wausau, employer White's insurer, was voluntarily dismissed from the suit. General contractor McAbee and employer/subcontractor White were added as third-party defendants when property owner Kraft and its employee Pickard filed a third-party complaint against McAbee and White alleging a right of indemnification pursuant to their construction contracts. White was subsequently voluntarily dismissed.

Kraft and Pickard then amended their third-party complaint against McAbee to allege breach of the insurance provision of the general construction contract. They moved for partial summary judgment "as against the contention of McAbee Construction Company that OCGA § 13-8-2 (b), if otherwise applicable, would render the Indemnity Provisions in the contract between Georgia Kraft Company and McAbee void and unenforceable." The trial court granted the motion, concluding that the indemnification provision (Article X) of the construction contract is not made void by OCGA § 13-8-2 (b). McAbee appeals.

Article X provides that the general contractor will indemnify and hold harmless the owner when the owner's negligence causes injury to a certain class of persons, i.e., its own or one of its subcontractor's employees: "The Contractor hereby assumes exclusive responsibility for all injury and/or damage to any and all persons whomsoever and to any property whatsoever, and loss of use, resulting from or arising out of the performance of the Work. The Contractor further agrees to indemnify, hold harmless and defend the Owner against all claims, suits, losses, damages and costs, including, but not limited to, court costs and reasonable attorney's fees, on account of such injury or damage, except when caused by the sole negligence of the Owner. Provided, however, with respect to injury, including death, to any employees of the Contractor or any Subcontractor, the Contractor agrees to indemnify, hold harmless and defend the Owner from any claims, damages or suits filed against the Owner by any employees of the Contractor and/or any employees of any Subcontractor, even though such injury, including death, was caused by the sole negligence of the Owner." This, taken by itself, would be contrary to OCGA § 13-8-2 (b). See *Bicknell v. Richard M. Hearn Roofing*, 171 Ga. App. 128, 129 (1) (318 SE2d 729) (1984).

However, there is another provision immediately following it which affects its validity. Article XI specifies: "The Contractor shall during the performance of this Contract keep in force the following insurance, in favor of Owner and Contractor with cross liability

clauses, as follows: . . . The Contractor shall also during the performance of this Contract keep in force Workmen's Compensation coverage as required by law, and Employer's Liability Insurance, with limits not less than $100,000. Before commencing work the Contractor must submit to Owner an Insurance Certificate reflecting the coverages and limits set forth above, . . . plus a notation that the specific indemnity provision in Article X is covered and a notation that insurance will not be cancelled unless ten (10) days' prior notice in writing is given by insurer to Owner. . . ."

The two provisions must be construed and considered together: "In the construction of a contract the cardinal rule is to ascertain the intention of the parties, and to this end the whole contract must be considered." *Hull v. Lewis*, 180 Ga. 721 (1) (180 SE 599) (1935). See generally *Perimeter Mall v. Retail Sense*, 162 Ga. App. 465, 466 (2) (291 SE2d 392) (1982). These provisions clearly and unambiguously show that the parties intended coverage by insurance, *not* ultimately indemnification of the "indemnitee"/owner against its own negligence towards the employees of "indemnitor"/general and of the sub- contractors.

Construing the contract as a whole, we agree with the trial court's conclusion that the indemnification provision is not made void by OCGA § 13-8-2 (b), as this code section is inapplicable to the facts of the present case. The Supreme Court in *Tuxedo Plumbing &c. Co. v. Lie-Nielsen*, 245 Ga. 27, 28-29 (262 SE2d 794) (1980) explained: " 'It has been recognized by numerous authorities that where parties to a business transaction mutually agree that insurance will be provided as a part of the bargain, such agreement must be construed as providing mutual exculpation to the bargaining parties who must be deemed to have agreed to look solely to the insurance in the event of loss and not to liability on the part of the opposing party.' [Cits.]" Exculpation is not indemnification. Nor is it an agreement to hold the other harmless. It goes beyond accepting liability for the injury to accepting an obligation to secure another's contracted-for liability for the injury.

Therefore, as held in *Tuxedo Plumbing &c. Co.*, supra at 29, "Code Ann. § 20-504 [OCGA § 13-8-2] is inapplicable in the present case since neither the insurance clause nor the contract's 'hold harmless clause' requires of either . . . [contracting party] that the one indemnify the other and hold him harmless from his own sole negligence. Rather, the insurance clause shifts the risk of loss to the insurance company regardless of which party is at fault. [Cit.]"

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 20, 1986 —
REHEARING DENIED APRIL 2, 1986 — 

*Malcolm P. Smith,* for appellant.

*Harl C. Duffey, Jr., Karl M. Kothe, Jackson B. Harris, Jo H. Stegall III,* for appellees.