A90A0979. PIEDMONT ARBORS CONDOMINIUM
ASSOCIATION, INC. v. BPI CONSTRUCTION COMPANY et al.
(397 SE2d 611)

SOGNIER, Judge.

Piedmont Arbors Condominium Association, Inc. (the "Association") and thirty-six individuals who own condominiums at Piedmont Arbors in midtown Atlanta brought suit against BPI Construction Company, the condominium builder, and Charles C. Bales, Jr., president of BPI and an officer and director of the Association during the period the units were offered for sale. The complaint alleged claims for breach of warranty, breach of fiduciary duty, negligence, and fraud concerning construction defects in the common areas and some individual units. The trial court dismissed the Association as a plaintiff, and the Association filed this appeal.

The trial court based its decision on paragraph 10.07 of the condominium declaration, which provides that "[e]ach Owner hereby acknowledges and agrees that [appellant] shall not be entitled to institute any legal action against anyone on behalf of any or all of the Unit Owners which is based on any alleged defect in any Unit or the common elements, or any damage allegedly sustained by any Unit Owner by reason thereof, but rather, that all such actions shall be instituted by the Unit Owners owning such Units or served by such common elements or allegedly sustaining such damage." Appellant contends that under Georgia corporations and condominium law, it has standing to assert the claims at issue, and to the extent that paragraph 10.07 purports to limit that right, it is void as against public policy.

We do not agree, as we find the trial court correctly concluded that paragraph 10.07 of the declaration barred appellant's claim, and that such a limitation did not violate any public policy of this State. "It is a general rule of contract law that unless prohibited by statute or public policy the parties [to a contract] are free to contract on any terms and about any subject matter in which they have an interest, and any impairment of that right must be specifically expressed or necessarily implied by the legislature in a statutory prohibition and not left to speculation. [Cits.] 'A contract can not be said to be contrary to public policy unless the General Assembly has declared it to be so, or unless the consideration of the contract is contrary to good

morals and contrary to law, or unless the contract is entered into for the purpose of effecting an illegal or immoral agreement or doing something which is in violation of law.' [Cit.]" *Brown v. Five Points Parking Center*, 121 Ga. App. 819, 821 (1) (b) (175 SE2d 901) (1970). We are bound to exercise extreme caution in declaring a contract void as against public policy, and should do so only when the case is free from doubt and an injury to the public interest clearly appears. *Emory Univ. v. Porubiansky*, 248 Ga. 391, 393 (282 SE2d 903) (1981).

Absent a public policy interest, contracting parties are free to "contract to waive numerous and substantial rights [cit.]," *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363, 369 (203 SE2d 587) (1973), including the right to seek recourse in the event of a breach by the other party. Id. The contract provision at issue, which waives any right appellant may have to bring suit against appellees for certain construction defects, raises no such public policy question, for there is no statutory prohibition and no illegal or immoral consideration or purpose. See *Brown*, supra. Appellant's contention that paragraph 10.07 is an exculpatory clause that is violative of public policy is without merit because the paragraph does not exculpate appellees for any wrongful conduct or release them from liability. Instead, it merely places the cause of action exclusively in the hands of the unit owners, who undoubtedly have an interest in pursuing such claims. OCGA § 13-8-2 (b), cited by appellant, is not controlling because the plain language of that statute limits its application to certain types of indemnification agreements, see, e.g., *McAbee Constr. Co. v. Ga. Kraft Co.*, 178 Ga. App. 496 (343 SE2d 513) (1986), and the instant provision is not an indemnification or hold harmless provision. Compare id. Nor does *Porubiansky*, supra, require a contrary result, for here there is neither a hold harmless clause, a question of regulation of licensed professionals, nor an issue of protection of any other overriding state interest.

We need not reach appellant's lengthy argument concerning the standing of a condominium association to assert the claims at issue because here the parties agreed in the declaration to limit any such right of appellant, which they were free to do. See *Orkin*, supra. Accordingly, we affirm the trial court's decision.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 3, 1990.

*Hyatt & Rhoads, Jeffrey A. Hurley, Philip S. Downer, Robert G. Ballard*, for appellant.

*Nall, Miller, Owens & Hocutt, Kenneth P. McDuffie*, for appel-

lees.

