A95A2752. GASKINS v. HAND.
(466 SE2d 688)

BLACKBURN, Judge.

Neal Gaskins, as executor of the estate of Ada Estelle Gaskins appeals the trial court's entry of summary judgment against the estate's claims against the former mayor of Nashville, Georgia.

Ada Estelle Gaskins, now deceased,[1] owned a grocery store ("the store") in Nashville that employed her son, Dennis Gaskins. During 1991 and 1992 the city was transferring control for its sanitation services to a private company. One of the store's competitors, unhappy

---

[1] Ada Estelle Gaskins filed suit against Hand on September 23, 1993. During the course of litigation, she died, and on July 27, 1995, the trial court issued an order allowing substitution of appellant Neal Gaskins as executor of her estate.

at the prospect of seeing its trash collection costs rise, refused to return the city's dumpsters. At this time, while on break, many of the city's sanitation workers would frequent the store. Apparently as a joke, some of these workers led Dennis to believe that the city was showing preferential treatment to the competitor. Angered by what he heard, Dennis contacted Dewey Hand, Nashville's mayor, and threatened to sue the city. In response, Hand issued an edict to the city's sanitation workers that they could no longer take their breaks at the store. Hand claims that he was acting pursuant to his mayoral powers in trying to effectuate the switch from publicly provided to privately contracted sanitation service as well as trying to keep the city from being sued. However, Gaskins has submitted affidavit testimony of a former sanitation worker who quoted Hand as saying: "I am going to get even with Dennis Gaskins and put him out of business." Ada Gaskins sued Hand for tortious interference with business relations and for damages under OCGA § 36-33-4. The trial court entered summary judgment on behalf of the mayor, and this appeal ensued.

In reviewing the grant of summary judgment, "the appellate court must determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. [Cit.] This requires a de novo review of the evidence." *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

1. In order to prevail on a claim for tortious interference, "the evidence must show the defendant (1) acted improperly and without privilege, (2) purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) for which the plaintiff suffered some financial injury." (Citations and punctuation omitted.) *Valdez v. Power Indus. Consultants*, 215 Ga. App. 444, 447 (451 SE2d 87) (1994). Summary judgment is appropriate if the "evidence is insufficient to create a jury issue on at least one element of the plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991)." *Bruno's, Inc. v. Pendley*, 215 Ga. App. 108, 109 (449 SE2d 637) (1994). We determine that summary judgment was inappropriate as a question of fact exists as to each element of Gaskins' claims.

As to the first and second elements, questions exist as to whether Hand was acting improperly or without privilege and whether his conduct was malicious. Hand claims he was acting in accordance with his broad mayoral powers "to provide for . . . and to regulate the collection and disposal of garbage, rubbish and refuse" granted him by the Nashville City Charter. However, we cannot rule as a matter of law that Hand's order barring sanitation workers from taking their personal breaks at the store falls within his province as mayor, especially

in light of affidavit testimony that questions Hand's motive in issuing the ban. As to the third element, Hand does not dispute that he caused the sanitation workers not to conduct business with the store. Finally, with regard to the fourth element, Hand admits that his actions could have caused plaintiff's financial injury, but argues that Gaskins cannot meet this element as the injury is difficult to quantify. "The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the evidence submitted." (Citations and punctuation omitted.) *Johnston v. Lyon*, 173 Ga. App. 524, 525 (327 SE2d 519) (1985). Consequently, while plaintiff's injury may be difficult to quantify, this difficulty alone will not support the trial court's decision to enter summary judgment.

In light of the questions of fact remaining as to each element of Gaskins' claim for tortious interference, we find the trial court erred in granting summary judgment to Hand.

2. In the second enumeration, Gaskins asserts that the trial court erred in granting summary judgment on the claim under OCGA § 36-33-4 which provides: "[m]embers of the council and other officers of a municipal corporation shall be personally liable to one who sustains special damages as the result of any official act of such officers if done oppressively, maliciously, corruptly, or without authority of law." In construing this statute, this Court has held that "[i]t is a well-established principle that a public official who fails to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well established that where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and *without wilfulness, malice, or corruption.* (Emphasis in original.) *Hennessy v. Webb*, 245 Ga. 329, 330-331 (264 SE2d 878) (1980)." (Punctuation omitted.) *McDay v. City of Atlanta*, 204 Ga. App. 621, 622 (420 SE2d 75) (1992). As outlined above, questions exist as to whether Hand was acting within his authority or with malicious intent when he ordered the ban on the store. Thus, the trial court erred in entering summary judgment on Gaskins' OCGA § 36-33-4 claim.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 10, 1996.

Allen, Kelly & Sowell, Roy B. Allen, Jr., for appellant.
Drew, Eckl & Farnham, Theodore Freeman, J. Reese Franklin, for appellee.