## A95A2041. BRAINARD v. McKINNEY.

(469 SE2d 441)

POPE, Presiding Judge.

Plaintiff Sarah Brainard brought suit against defendant Stephen McKinney d/b/a The Building Inspector of America seeking to recover $23,700 in damages allegedly resulting from the negligent inspection of a condominium purchased by plaintiff.[1] Defendant filed a motion for partial summary judgment, contending its liability was limited to the cost of the inspection pursuant to the terms of the contract plaintiff signed at the time of the inspection. The trial court granted defendant's motion, and plaintiff filed the present appeal to this Court.

1. At issue here is the following language: "Loss is limited to the cost of the inspection." Relying on OCGA § 13-8-2 (b), plaintiff argues that this provision is void as against public policy and thus unenforceable. Although a plain reading of OCGA § 13-8-2 (b) reveals the specious nature of this argument, because the question of the applicability of that section to exculpatory clauses in home inspection agreements has previously been raised but not resolved by this Court, see *Amerispec Franchise v. Cross*, 215 Ga. App. 669 (452 SE2d 188) (1994), we will take this opportunity to lay this issue to rest.

" 'It is a general rule of contract law that unless prohibited by statute or public policy the parties (to a contract) are free to contract on any terms and about any subject matter in which they have an interest, and any impairment of that right must be specifically expressed or necessarily implied by the legislature in a statutory prohibition and not left to speculation. (Cits.)' " *Piedmont Arbors Condominium Assn. v. BPI Constr. Co.*, 197 Ga. App. 141 (397 SE2d 611) (1990).

OCGA § 13-8-2 applies "to a contract or agreement relative to the construction, alteration, repair, or maintenance of a building . . . purporting to indemnify or hold harmless the promisee against liabil-

---

[1] Plaintiff's complaint contained additional claims against other parties which are not pertinent to the present appeal.

ity for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents or employees. . . ." Although we agree with the statement in *Amerispec Franchise*, 215 Ga. App. at 671, that "OCGA § 13-8-2 (b) does not represent a model of legislative clarity[,]" it is clear to us that it is inapplicable to the exculpatory clause at issue in this case for at least three reasons: the agreement here does not pertain to the construction, alteration, repair or maintenance of a building; it is not an indemnification or hold harmless provision; and plaintiff's claim is not one for property damage or bodily injury caused by the negligence of the defendant. See *Piedmont Arbors Condominium Assn.*, 197 Ga. App. at 142; *West Side Loan Office v. Electro-Protective Corp.*, 167 Ga. App. 520 (306 SE2d 686) (1983); *McAbee Constr. Co. v. Ga. Kraft Co.*, 178 Ga. App. 496, 498 (343 SE2d 513) (1986). This enumeration is thus without merit.

2. Plaintiff's remaining enumerations of error also are meritless and need not be specifically addressed here. See, e.g., *McCrimmon v. Tandy Corp.*, 202 Ga. App. 233, 236 (2) (414 SE2d 15) (1991) (plaintiff cannot hide behind failure to read document or fact that document was executed after the service was performed).

*Judgment affirmed. Ruffin, J., concurs. Beasley, C. J., concurs in judgment only.*

DECIDED FEBRUARY 23, 1996.

*Bentley, Karesh & Seacrest, Wendell K. Willard*, for appellant.
*Swift, Currie, McGhee & Hiers, Robin F. Clark*, for appellee.