A97A2029. REDDING et al. v. TANNER et al.
(498 SE2d 156)

BLACKBURN, Judge.

The trial court granted summary judgment to defendant Tanner d/b/a TLC Home Inspections (Tanner) in the underlying action for negligent inspection of the home the plaintiffs, David and Janie Redding, were purchasing. The Reddings appeal.

In reviewing the grant or denial of summary judgment, this Court conducts a de novo review of the evidence. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996); *Gaskins v. Hand*, 219 Ga. App. 823 (466 SE2d 688) (1996). Viewing the evidence in favor of the Reddings, as nonmovants, see *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), it establishes that the Reddings entered into a Purchase and Sale Agreement for the purchase of a house owned by Marguerite Thurmond. Thereafter, Redding contacted Tanner by telephone and hired him to perform a visual, structural, and mechanical inspection of the house.

On August 26, 1995, Tanner went to the property and spent approximately three hours inspecting the house. The house had one story extensions on each end and was two stories in the center section. The Reddings, as well as Thurmond, were at the house during the inspection. When Tanner arrived, he had no ladder with him and was asked by Redding how he was going to inspect the roof area.

Tanner had binoculars and told Redding he would use those for the roof and eaves inspection. After the inspection, Tanner sat down with the Reddings and Thurmond and orally described the results of his inspection, including areas of rotted wood on the home's exterior and other minor problems. No mention was made of the cracks in the gables. Although Tanner requested payment that day, Redding did not have a check. Tanner agreed to give the written report to Jones, the realtor, which he did later that same day, and Redding agreed to mail Tanner a check.

On October 21, 1995, Redding got on the roof of the home to clean his gutters and noticed the substantial vertical cracks in the brick covering the gables. It is the $27,000 cost of repairing these cracks as well as some water damage in a bathroom which was sought from Tanner in this suit.

1. The trial court premised its grant of summary judgment on the existence of the waiver of liability clause in the written report. Such report contained three pages of "Terms and Conditions of the Inspection," including the following: "This inspection and report does not cover all aspects, even of structural conditions. Neither TLC Home Inspections nor the inspector shall be liable for mistakes, omissions, or errors in judgment. This limitation of liability shall include and apply to all consequential damages, . . . and property damage of any nature. This company and the inspector assume no responsibility for the cost of repairing or replacing any unreported defects or conditions."

The trial court relied upon *Brainard v. McKinney*, 220 Ga. App. 329 (469 SE2d 441) (1996), which is not binding precedent as it is physical precedent only. Furthermore, it is inapplicable to the present case because therein, at the time of the inspection, the home purchaser had signed a written contract which contained a waiver clause. While *Brainard* held that such a clause is enforceable as part of a written contract and not void as against public policy, there is no dispute in the present case that the written document was prepared after the inspection and the oral agreement between Redding and Tanner that it be done. Further, in this case, the document was never signed by Redding. While Tanner deposed that he told Redding in the telephone call that his liability was limited to the $200 cost of the inspection, Redding disputes that and summary judgment cannot be premised on this disputed fact. Therefore, summary judgment was improper.

2. The dissent relies on the doctrine of avoidable consequences, finding that because Redding knew that Tanner did not go onto the roof to inspect the gables, he failed to exercise ordinary care to protect himself from Tanner's negligence. However, this presumes that the owner knew that it was *necessary* for the inspector to go up on the

roof to inspect the roof and eaves notwithstanding the expert's statement that he would be able to inspect the roof with his binoculars. The Reddings hired Tanner because of his expertise in inspecting homes. The Reddings were entitled to rely upon the expert inspector to do that which was necessary to properly inspect the property.

Under the dissent's analysis, an individual who hires an expert to perform a home inspection is barred from recovering from such expert for a negligent inspection where the individual happened to be on the premises when the inspection was performed. The lack of expertise by the person employing an expert is the very basis for the employment. The dissent would find that such a person is charged with knowledge of what the expert must do to accomplish the inspection for which the expert was hired, and that a non-expert cannot rely upon the representations of the expert inspector that he has done what is required to appropriately complete the inspection.

Because genuine issues of material fact remain, the trial court erred in granting Tanner's motion for summary judgment.

*Judgment reversed. McMurray, P. J., Pope, P. J., Beasley, Johnson and Smith, JJ., concur. Andrews, C. J., concurs in part and dissents in part.*

ANDREWS, Chief Judge, concurring in part and dissenting in part.

As noted in the majority, this Court conducts a de novo review of the evidence in considering summary judgment grant or denial. *Goring v. Martinez*, 224 Ga. App. 137 (479 SE2d 432) (1996); *Gaskins v. Hand*, 219 Ga. App. 823 (466 SE2d 688) (1996). Additionally, the grant of summary judgment will be affirmed on appeal if it is right for any reason. *Deese v. NationsBank*, 222 Ga. App. 275, 277 (1) (474 SE2d 18) (1996). Although I concur in Division 1 of the majority, I must respectfully dissent because I believe that, given the uncontested facts, Tanner was entitled to summary judgment on the issue of proximate cause and, therefore, the trial court's judgment was correct for that reason.

In addition to the facts set out in the majority, viewing the evidence in favor of the Reddings, the following facts are pertinent. Part of the Purchase and Sale Agreement signed by the Reddings was a Seller's Property Disclosure Statement which had been completed by Ms. Thurmond. Under "Structural Items," subsections (a) and (b) asked if Ms. Thurmond was aware "of any past or present movement, shifting, deterioration, or other problems with walls or foundation" or "any past or present cracks or flaws in the walls or foundations," to which she responded affirmatively. The exterior walls of the house,

including the gables[1] on the second floor, were brick. Substantial vertical cracks in the brick on the gables were the basis for the Reddings' claim of negligent inspection.

Mr. Redding made no personal inspection of the home before purchasing it, and when Tanner arrived to conduct the inspection, Mr. Redding did not advise him of any specific problem areas which he wanted inspected, such as those designated by Thurmond. Redding was aware Tanner had no ladder and intended to use binoculars for the roof and eaves inspection.

" 'Except in plain, palpable and undisputed cases where reasonable minds cannot differ as to the conclusions to be reached, questions of negligence, proximate cause, including the related issues of foreseeability, assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence, contributory and comparative negligence are for the jury.' [Cit.] The proximate cause requirement constitutes a limit on legal liability; it is a policy decision that for a variety of reasons, such as an intervening act, the defendant's conduct and the plaintiff's injury are too remote for the law to countenance recovery. [Cit.]" *Stegall v. Central Ga. E.M.C.*, 221 Ga. App. 187, 190 (2) (470 SE2d 782) (1996).

"The doctrine of 'avoidable consequences' does not rest upon the idea that defendant is relieved of any duty toward plaintiff, but denies recovery for any damages which could have been avoided by reasonable conduct on plaintiff's part. *Osburn v. Pilgrim*, 246 Ga. 688, 695 (273 SE2d 118) (1980). Avoidance of the consequences [OCGA § 51-11-7] involves the failure to take action to overcome defendant's negligence after it is actually discovered by plaintiff or might have been discovered by plaintiff's exercise of ordinary care. *Lanier v. Turner*, 73 Ga. App. 749, 753 (38 SE2d 55) (1946)." *Newman v. Collins*, 186 Ga. App. 595, 596 (1) (367 SE2d 866) (1988) (physical precedent).

Here, assuming Tanner's negligence in not inspecting the gables, Redding was aware that Tanner was not going onto the roof and would not be able to adequately inspect the gables area or, arguably, the roof. Redding at this point had been advised by Thurmond of settling and cracking problems with the house, and knew or should have known of the need to fully inspect all walls and foundations.[2] Instead of insisting that Tanner go onto the roof or going himself before com-

---

[1] The triangular wall section at the ends of a pitched roof, bounded by the two roof slopes and the ridge pole. American Heritage Dictionary (2nd College ed. 1985), p. 543.

[2] A plaintiff may not recover, even from the original contractor/seller, for injuries caused by construction defects which were discoverable upon reasonable inspection. *Florence v. Knight*, 217 Ga. App. 799, 800 (459 SE2d 436) (1995).

mitting to purchase a $233,500 house, Redding accepted this failure to properly inspect and did not take any other steps to protect himself from defects in the roof and gables area. Therefore, because the evidence establishes that the Reddings, by the exercise of ordinary care, could easily have prevented the harm to themselves which they say resulted from Tanner's failure, they were not entitled to recover from Tanner, *Winn-Dixie Stores v. Nichols*, 205 Ga. App. 308, 311 (3) (422 SE2d 209) (1992), and I believe summary judgment was rightly entered for this reason.

DECIDED MARCH 17, 1998.

*Bush, Crowley, Leverett & Leggett, J. Wayne Crowley*, for appellants.
*Sell & Melton, Jeffrey B. Hanson*, for appellees.