## A09A1117. HOLMES v. CLEAR CHANNEL OUTDOOR, INC.
### (679 SE2d 745)

BLACKBURN, Presiding Judge.

Fred H. Holmes, Jr., sued Clear Channel Outdoor, Inc. to recover personal injury damages caused when the catwalk on a billboard owned by Clear Channel collapsed from underneath Holmes while he was preparing to replace a poster on the billboard. Based on the language of a waiver in a contract between Holmes and Clear Channel's predecessor, the trial court entered summary judgment in favor of Clear Channel, which judgment Holmes appeals. We agree with the trial court and affirm.

This is the second appearance of this case before this Court. See

*Holmes v. Clear Channel Outdoor*[1] ("*Holmes I*"). As recounted in *Holmes I*, the evidence in this case (as construed in favor of Holmes) shows the following:

> Holmes was an experienced bill-poster who signed an independent contractor agreement with Eller Media, Inc. In September 2001, Holmes prepared to replace the poster on one of two side-by-side billboards owned by Clear Channel, which bought Eller Media in 2001. He set his ladder through the catwalk of the right sign and climbed up, then stepped over onto the catwalk of the left sign where he was going to work. He pulled the ladder up, hooked it over the top post of the left sign, and reached for the lanyard on his safety harness to hook it to the ladder. A weld on a bracket holding the catwalk broke before he could attach the safety line, and Holmes fell 20 feet, landing in a crouching position and breaking his wrist.
>
> Holmes sued Clear Channel for damages, contending that the company breached its duty to keep its premises and approaches safe, that the billboard was negligently constructed and maintained, and that the collapse of the catwalk caused his wrist to break. Clear Channel answered, denying liability, and then amended its answer to assert the defense of waiver. After the parties conducted discovery, Clear Channel moved for summary judgment, contending that Holmes waived his right to recover against the company for any damages he incurred while he was posting bills, based on the contract he signed with its predecessor.
>
> The trial court granted the motion, holding that the contract barred Holmes's claim for damages against Clear Channel.

Id. at 474-475.

*Holmes I* held that Clear Channel stood in the place of its predecessor Eller and that the February 2001 contract between Eller and Holmes governed the parties' rights in this action. Id. at 475-476 (1). Noting that under that contract Holmes agreed to obtain commercial general liability insurance and other insurance policies, *Holmes I* then focused on the clause entitled "Hold Harmless/Indemnification," in which Holmes in the first paragraph agreed to indemnify Clear Channel against all claims asserted against Clear Channel for real or personal property damage or personal injury related to

---

[1] *Holmes v. Clear Channel Outdoor*, 284 Ga. App. 474 (644 SE2d 311) (2007).

Holmes's work. Id. at 476-477 (2). The third paragraph of this clause provided:

> Contractor hereby waives all of its rights for any recovery against [Clear Channel], including its employees, agents or tenants, for any damages incurred by Contractor in providing the services hereunder, provided that such waiver of recovery does not invalidate the insurance coverage.

Id.

Interpreting this latter paragraph, *Holmes I* held that "it is clear that Holmes did not waive his right to recover against Clear Channel under any possible scenario. He only waived his rights to recover . . . for damages *if* the waiver did not invalidate 'the insurance coverage.' " (Emphasis in original.) Id. at 478 (2). *Holmes I* concluded:

> Reading the third paragraph in context with the preceding paragraphs, title to the section, and the requirement for liability insurance, the contract only waives Clear Channel's liability if the waiver does not invalidate Holmes's insurance. Because the trial court did not consider whether the waiver invalidated Holmes's insurance, we reverse.

Id.

Once the case returned to the trial court, Clear Channel renewed its motion for summary judgment, submitting certified copies of the relevant insurance policies and the affidavit of an insurance company representative, who testified that the waiver paragraph did not invalidate the insurance coverage under Holmes's policies. The trial court agreed and held that because the waiver paragraph did not invalidate the coverage provided by the insurance policies, and because the waiver paragraph was not void as against public policy, it was entering summary judgment in favor of Clear Channel. Holmes appeals.

1. Holmes first contends that the waiver paragraph invalidated his insurance coverage under the commercial general liability policy. Specifically, Holmes maintains that because the policy obligated the insurance company only to cover those claims for which Clear Channel became legally obligated, the waiver paragraph necessarily invalidated that coverage by barring any action by Holmes against Clear Channel. We disagree.

The operative language of the commercial general liability policy, in which Clear Channel through its predecessor is a named insured, states: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or

'property damage' to which this insurance applies." Nowhere in the policy is there any language that the release or waiver of any claims against Clear Channel will invalidate the coverage of the policy. "Invalidate" means "to render of no force or effect." Webster's New International Dictionary, p. 1305 (2d ed. 1961). Here, the insurance coverage is of full force and effect and applies to insure Clear Channel for all property or personal injury damages it becomes legally obligated to pay, which coverage is not subject to becoming void or nonbinding because of any waivers or releases of claims against Clear Channel.

Holmes nevertheless contends that because the waiver paragraph will preclude him from obtaining a judgment against Clear Channel, this paragraph necessarily "invalidates" the coverage under the policy. Holmes misunderstands the distinction between application and invalidation, i.e., between insurance coverage that simply does not apply in the first place to particular circumstances, and insurance coverage that applies but becomes invalidated (and thus of no force or effect) through the actions of the insured. In the first situation, the operative language of the insurance policy describes the particular circumstances to which coverage applies; other circumstances are simply not covered. In the second situation, the coverage under the insurance policy applies to the circumstances of the case, but the policy invalidates that coverage because of forbidden actions or inactions by the insured.

Here the operative language of the policy describes the circumstances to which coverage applies: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Holmes's waiver of his right to recover from Clear Channel simply means that Clear Channel is not legally obligated to pay damages to Holmes for his injuries sustained in putting up posters for Clear Channel. Coverage is not invalidated; it simply does not apply.

A good analogy is that if the case went to trial and the jury ruled in favor of Clear Channel, that verdict would not "invalidate" coverage under the policy. Rather, that verdict would simply preclude the trial court from entering judgment in favor of Holmes and would therefore give no basis for coverage to apply. Similarly, if the statute of limitation on Holmes's claim had run before suit was filed, the trial court would enter summary judgment in favor of Clear Channel, which would not invalidate insurance coverage under the policy but would simply present a set of circumstances to which coverage would not apply. In both of these situations, the coverage of the policy is valid but would not apply because Clear Channel would not be legally obligated to pay. Similarly, the waiver paragraph here does not

invalidate coverage but merely precludes Clear Channel from becoming legally obligated to pay damages to Holmes, to which circumstance the valid coverage under the policy does not apply.

On the other hand, coverage can be invalidated if the insurance policy provides that coverage will be nullified or otherwise rendered void or of no effect if the insured does or fails to do something. For example, coverage may be invalidated if the insured makes misrepresentations in the policy application (see, e.g., *Mut. Benefit Health &c. v. Bell*[2] ("a false answer in the application in respect [to a serious illness] would invalidate a policy of health and accident insurance"), if the insured fails to properly notify the insurance company of a claim (see, e.g., *The Travelers Ins. Co. v. Sheppard*[3] ("failure to give such immediate written notices shall invalidate all claims under this policy") (punctuation omitted); see also *Advocate Networks v. Hartford Fire Ins. Co.*[4] (insured's failure to notify insurer timely relieves insurer of duty to defend or indemnify)), or if the insured fails to cooperate with the insurance company in the investigation of a claim (see, e.g., *H. Y. Akers & Sons, Inc. v. St. Louis Fire &c. Ins. Co.*[5]). Here, there is no provision in the insurance policy that invalidates the coverage if Clear Channel obtained a pre-accident waiver of claims from the injured person.

Thus, Holmes misapprehends the impact of the waiver paragraph. The waiver paragraph does not render the coverage invalid; rather, the coverage continues and is of full force and effect. The waiver paragraph simply operates to preclude Holmes from obtaining a judgment against Clear Channel for the injuries he suffered, and thus coverage does not apply as to those injuries.

2. Holmes raises a series of other arguments as to why the waiver clause operates to invalidate insurance coverage. None of these has merit.

First, Holmes argues that the waiver paragraph, which is purportedly vague, could not — as a matter of common sense — have intended to preclude him from recovering for his claims against Clear Channel. This ignores that *Holmes I* has already ruled that that is precisely what the waiver paragraph as drafted was intended to do, assuming that it did not invalidate the policy's coverage. See *Holmes I*, supra, 284 Ga. App. at 477-478 (2).

---

[2] *Mut. Benefit Health &c. v. Bell*, 49 Ga. App. 640, 655 (8) (176 SE 124) (1934).

[3] *The Travelers Ins. Co. v. Sheppard*, 85 Ga. 751, 760 (2) (12 SE 18) (1890).

[4] *Advocate Networks v. Hartford Fire Ins. Co.*, 296 Ga. App. 338, 340 (1) (674 SE2d 617) (2009).

[5] *H. Y. Akers & Sons, Inc. v. St. Louis Fire &c. Ins. Co.*, 120 Ga. App. 800 (1) (172 SE2d 355) (1969).

Second, he argues that the evidence is disputed whether at the time he was injured, he was providing services under the contract with Clear Channel. Accordingly, he argues that the waiver paragraph, which only waives his rights to recover for damages incurred "in providing the services hereunder," does not apply to waive the claims he asserted in his complaint below. However, Holmes freely admitted in his brief in the court below that "Holmes was engaged in his contractual duties" under the Clear Channel contract when the accident occurred. He never argued otherwise until his current brief on appeal. Not only did the trial court properly rely on Holmes's admissions in judicio below, see *Mitsubishi Motors Corp. v. Colemon*,[6] but we will not consider arguments raised for the first time on appeal. *Safe Shield Workwear v. Shubee, Inc.*[7]

Third, citing *Ginn v. Morgan*,[8] Holmes argues that the trial court, in granting summary judgment, improperly relied on the opinion set forth in the insurance executive's affidavit, which stated that the waiver paragraph did not invalidate coverage. However, Clear Channel submitted the actual insurance policies, whose language was a matter for the court to construe (see OCGA § 13-2-1), and that language showed that there was no invalidation; therefore, the reference to the affidavit is superfluous.

3. Holmes contends that the waiver paragraph is void as against public policy. He argues that the waiver paragraph could possibly preclude him from recovering any damages from Clear Channel, even if such were for breach of contract. He further contends that the waiver paragraph violates OCGA §§ 13-8-2 (b) and 34-7-22. These arguments are without merit.

Pretermitting whether the waiver paragraph would preclude breach-of-contract damages, we note that even if it did, "[i]n Georgia there is no generally applicable rule of law forbidding one contracting party from waiving all recourse in the event of breach by the other." (Punctuation omitted.) *Imaging Systems Intl. v. Magnetic Resonance Plus*.[9]

Nor is there any general policy prohibiting an exculpatory clause for claims of negligence. "As a general rule[,] a party may contract away liability to the other party for the consequences of his own negligence without contravening public policy, except when such an agreement is prohibited by statute." (Punctuation omitted.) *Lanier*

[6] *Mitsubishi Motors Corp. v. Colemon*, 290 Ga. App. 86, 87 (1) (658 SE2d 843) (2008).
[7] *Safe Shield Workwear v. Shubee, Inc.*, 296 Ga. App. 498, 501 (2) (675 SE2d 249) (2009).
[8] *Ginn v. Morgan*, 225 Ga. 192 (167 SE2d 393) (1969).
[9] *Imaging Systems Intl. v. Magnetic Resonance Plus*, 227 Ga. App. 641, 644 (1) (490 SE2d 124) (1997).

*At McEver, L.P. v. Planners & Engineers Collaborative.*[10] "[A]ny impairment of [a freedom-to-contract] right must be specifically expressed or necessarily implied by the legislature in a statutory prohibition and not left to speculation." *Piedmont Arbors Condo. Assn. v. BPI Constr. Co.*[11]

No statute prohibits a billboard owner from contracting with an independent contractor who puts posters on billboards to limit the owner's liability to that contractor. Contrary to Holmes's argument, former OCGA § 13-8-2 (b) (2000),[12] which was in effect when the contract was executed,[13] did not apply to these circumstances. By its very language, it applied only to contract provisions "purporting to indemnify or hold harmless the promisee against liability for damages." See *Brainard v. McKinney*[14] (former OCGA § 13-8-2 (b) applied only to "an indemnification or hold harmless provision"). The waiver paragraph here does not purport to indemnify or hold Clear Channel harmless from damages but simply waives Holmes's right to recover from Clear Channel for damages he incurs in performing his services under the contract.

Nevertheless, Holmes points to the first paragraph of this clause of the contract as an indemnity provision that contravenes former OCGA § 13-8-2 (b) (2000) and that, as such, it infects the third paragraph in that clause with this same sickness of unenforceability. As stated in *Holmes I,* in this paragraph

> Holmes agreed to indemnify [Clear Channel] against all claims asserted against [Clear Channel] due to real or

---

[10] *Lanier At McEver, L.P. v. Planners & Engineers Collaborative,* 284 Ga. 204, 205 (1) (663 SE2d 240) (2008).

[11] *Piedmont Arbors Condo. Assn. v. BPI Constr. Co.,* 197 Ga. App. 141, 141 (397 SE2d 611) (1990).

[12] Former OCGA § 13-8-2 (b) (2000) provided in full:

A covenant, promise, agreement, or understanding in or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair, or maintenance of a building structure, appurtenances, and appliances, including moving, demolition, and excavating connected therewith, purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee is against public policy and is void and unenforceable, provided that this subsection shall not affect the validity of any insurance contract, workers' compensation, or agreement issued by an admitted insurer.

[13] To determine the enforceability of a contract, we look to the law in effect at the time the contract was executed. See *Gainesville Financial Svcs. v. McDougal,* 154 Ga. App. 820, 821 (270 SE2d 40) (1980). In any case, the 2007 amendment of OCGA § 13-8-2 (b) continued to apply the statute only to provisions that required one party to the contract to "indemnify, hold harmless, insure, or defend the other party to the contract." Ga. L. 2007, p. 208, § 1.

[14] *Brainard v. McKinney,* 220 Ga. App. 329, 330 (1) (469 SE2d 441) (1996) (physical precedent only).

personal property damage or personal injury related to Holmes's work, "any of contractor's operations pursuant to this Agreement," any act or omission of Holmes's, and any ruling by any agency or court finding [Clear Channel] liable for payment of taxes because Holmes was an employee. The second paragraph of this clause provided that, if Holmes suffered a loss caused by anyone engaged by or for the benefit of [Clear Channel], he would proceed solely against the person causing the loss and not against [Clear Channel].

*Holmes I*, supra, 284 Ga. App. at 477 (2).

Significantly, these other two paragraphs do not purport to modify the terms of the waiver paragraph which pertain to Clear Channel's direct liability to Holmes. Accordingly, even if these other two paragraphs were unenforceable, they would not affect the enforceability of the separate waiver paragraph.

Finally, Holmes contends that OCGA § 34-7-22 prohibits the waiver paragraph as an illegal contract "between employer and employee made in consideration of employment, whereby the employer is exempted from liability to the employee arising from the negligence of the employer or his employees. . . ." However, the facts are undisputed that Holmes was an independent contractor. See *Holmes I*, supra, 284 Ga. App. at 474. Accordingly, OCGA § 34-7-22 does not apply.

The trial court did not err in granting summary judgment to Clear Channel.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JUNE 2, 2009.

*C. Lawrence Jewett, Jr., Robin F. Clark*, for appellant.
*Jean F. Johnson*, for appellee.